IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY YOUNG,<br><br>                    Plaintiff,<br><br>         v.<br><br>PENNSYLVANIA HUMAN RELATIONS COMMISSION,<br><br>                    Defendant. | Civil Action No. 07-3575 |

**MEMORANDUM & ORDER**

Before the court is defendant's motion to dismiss plaintiff's *pro se* complaint, *see* Docket No. 5, and plaintiff's response thereto, *see* Docket No. 6. Plaintiff's complaint claims that his rights were violated when defendant, in investigating plaintiff's claims against the Philadelphia school district, assigned to the case an investigator who had a conflict of interest in the case, because she had previously been employed by the school district. He also alleges that defendant lost his case file. *See* Docket No. 3. Construing plaintiff's complaint as an action under 42 U.S.C. § 1983, defendant has moved to dismiss the complaint on the ground that defendant is a state agency immune from suit under the Eleventh Amendment. *See* Docket No. 5. Plaintiff's *pro se* response does not address the Eleventh Amendment question. *See* Docket No. 6.

With several exceptions not applicable here, the Eleventh Amendment to the Constitution bars suits in federal court against states and state agencies. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); U.S. Const. amend. XI ("The Judicial power of the United States

shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ."). This court agrees with the courts that have found that the Pennsylvania Human Relations Commission qualifies as a state agency immunized from suit by the Eleventh Amendment, and that Pennsylvania has not waived its sovereign immunity. *See Foster v. Penn. Human Relations Comm'n*, 157 Fed. Appx. 488, 490 (3d Cir. 2005); *Bullock v. Penn. Human Relations Comm'n*, No. 05-386, 2005 WL 2250826, at *2 (E.D. Pa. Sept. 14, 2005); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, the court must dismiss plaintiff's cause of action against defendant as barred by the Eleventh Amendment.

      **AND NOW**, this 2nd day of May, 2008, **IT IS ORDERED** that defendant's motion to dismiss, *see* Docket No. 5, is hereby **GRANTED**.

/s/ Louis H. Pollak
_____
Pollak, J.