**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARRY YOUNG,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TOM CORBETT, JOANNE SCHMIDT,<br>CRAIG WYNN, CARLENE M. NEAL,<br>ARBEDELLA WHITE-DAVIS,<br>HOMER C. FLOYD, and J. WYHATT<br>MONDESIRE,<br>　　　　　　　Defendants. | Civ. No. 07-3575 |

Pollak, J.                                                                                          April 15, 2009

**OPINION**

Before the court are motions to dismiss filed by all the defendants in this civil rights case brought by plaintiff Barry Young.

**1.     Background**

Plaintiff's claims in this civil rights action stem from a complaint he filed with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff alleges that the PHRC, in investigating his claims against his former union, Local 1201 of the Fireman and Oilers Union, assigned to the case an investigator who had a conflict of interest in the case, because she had previously been employed by the Philadelphia school district, which plaintiff had previously sued. This investigator was defendant Joanne Schmidt. He also

alleges that the PHRC lost his case file and that he was a victim of "institutionalized racism."

Plaintiff previously filed against the PHRC only.  This court dismissed that complaint without prejudice on May 5, 2008, as the PHRC is a state agency and protected from suit by the Eleventh Amendment.  *See* Docket No. 7.  Plaintiff was granted leave to file an amended complaint naming individual state officers to be sued in their personal capacity.  Plaintiff filed such an amended complaint on May 29, 2008, naming as defendants Attorney General Tom Corbett, investigator Joanne Schmidt, PHRC Regional Director Carlene Neal, PHRC Director of Compliance Arbedella White-Davis, PHRC Executive Director Homer Floyd, and PHRC Commissioner J. Whyatt Mondesire.  *See* Docket No. 11.  The court construes plaintiff's complaint as claiming, pursuant to 42 U.S.C. § 1983, that he suffered a violation of his constitutional rights, specifically his right to due process of law as guaranteed by the Fourteenth Amendment.  He references discrimination at various points, apparently alleging that defendant Schmidt's actions were based on plaintiff's race.

Defendants Tom Corbett, Arbedella White-Davis, Homer C. Floyd, and J. Whyatt Mondesire filed a motion to dismiss plaintiff's complaint on August 21, 2008; the remaining defendants, Joanne Schmidt, Carlene M. Neal, and Craig Wynn, filed a motion to dismiss on September 17, 2008.  As the motions to dismiss raise many of the same grounds, the court considers them together.

**2.    Discussion**

 **A.    Defendants Corbett, Wynn, Floyd, Mondesire, Neal, and White-Davis**

A "defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (cited in *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff makes no allegations of personal involvement on the part of defendants Corbett, Wynn, Floyd, and Mondesire in the alleged violation of his rights. Though plaintiff indicates in his opposition to the motions that he telephoned defendants Floyd and Mondesire and that defendant Floyd mailed him documentation, he does not allege that these defendants were personally involved in any constitutional violations. As a result, the claims against these defendants must be dismissed.

Similarly, though plaintiff contends that he wrote to Schmidt's supervisors, Neal and White-Davis, informing them of the conflict of interest, he does not allege that they were involved in any constitutional violation. At most, he alleges that they "ignored" his complaints. Such an allegation–that of reporting offending conduct to a supervisor and receiving no response–is to allege liability based on respondeat superior, which is prohibited. Plaintiff does not allege any affirmative violations of his rights by defendants Neal and White-Davis, and the claims against these defendants are also dismissed.

**B.     Defendant Schmidt**

Defendant Schmidt's processing (and subsequent dismissal) of plaintiff's claim with the PHRC is at the heart of plaintiff's complaint. Plaintiff argues that defendant Schmidt committed "malfeasant conduct because of her affiliation with her previous employer, the School District of Philadelphia." Docket No. 16 at 1. In his amended complaint, he also argues that defendant Schmidt investigated the complaint in a discriminatory manner because of plaintiff's race.

In contending that plaintiff's complaint does not state a claim, defendants point to a line of cases holding that agencies like the EEOC, tasked with investigating complaints of discrimination, cannot be sued for violating due process in the investigation of a claim. Indeed, every circuit to have addressed the issue has held that the EEOC, or an official at the EEOC in his or her official capacity, is not liable for problems associated with investigating a claim. The aggrieved claimant must instead file suit against the employer whose actions precipitated the filing of the EEOC complaint, rather than the EEOC itself. *See, e.g.*, *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000); *Caraveo v. EEOC*, 96 F. App'x 738, 741 (2d Cir. 2004); *Buck v. Industrial Com'n of Utah*, 51 F. App'x 832, 836 (9th Cir. 2002); *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991).

However, these cases do not stand for the proposition that no cause of action lies against an individual employee, sued in her individual capacity, for misconduct in the investigation of a claim. *See, e.g.*, *Scheerer*, 950 F.2d at 663 ("We need not decide here

whether and under what circumstances EEOC employees, as opposed to the agency itself, may be subject to suit for damages for improper conduct in connection with the processing of a discrimination charge.") In this district, my late colleague, Judge Newcomer, ruled that a claim against an individual PHRC employee in his or her individual capacity, alleging personal involvement by that employee in the processing of a complaint, may survive a motion to dismiss for failure to state a claim. *See Roberts v. Univ. of Pennsylvania*, 2001 WL 311246 (E.D. Pa. March 28, 2001) (finding that complaint against PHRC employee in his individual capacity stated a claim). Accordingly, the court will not dismiss the claim against defendant Schmidt in her individual capacity at this time.

### 3.     Conclusion

For the foregoing reasons, plaintiff's claims against defendants Corbett, Wynn, Neal, White-Davis, Floyd, and Mondesire are dismissed. Plaintiff's claim against defendant Schmidt in her individual capacity remains. An appropriate order follows.